■ In the Matter of CHARLES HILI, Appellant, v PHILIP COOMBE JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [654 NYS2d 833] —Appeal from a judgment of the Supreme Court (Berke, J.), entered May 1, 1996 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent Commissioner of Correctional Services authorizing the continuation of a mail watch on petitioner's correspondence.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, initiated this CPLR article 78 proceeding seeking review and cessation of the actions of prison officials who imposed a "mail watch" on his correspondence, authorizing the opening and inspection of petitioner's outgoing mail. Supreme Court dismissed the petition and we affirm. Pursuant to Department of Correctional Services Directive 4422 (III) (B) (8) (a), an inmate's outgoing mail may be opened and inspected, with the authorization of the correctional facility's superintendent, in cases where such action is necessary to ensure the "safety or well being of any person". Petitioner's incarceration arose out of his conviction of crimes relating to his aborted attempt to kill his ex-wife. While incarcerated, petitioner continued to mail menacing letters to his ex-wife in which he described his plans to torture her until she begged him to kill her. Petitioner also wrote to an investigative service, requesting information concerning the whereabouts of his ex-wife and her current spouse. The record further contained evidence that petitioner had arranged for a quantity of combustible powder to be transferred to him during a visit with a family member, a ploy which would have enabled him to mail this potentially lethal substance to an unsuspecting third party.

Our review of the record herein makes it apparent that inspection of petitioner's outgoing mail was necessary to ensure the safety of his ex-wife, among others, and it was therefore

authorized under Directive 4422 (III) (B) (8) (a). We reject petitioner's contention that inspection of his mail violated his constitutional rights. When a prison regulation infringes upon an inmate's constitutional rights, it will nonetheless be deemed "valid if it is reasonably related to legitimate penological interests" (*Turner v Safley*, 482 US 78, 89; *see, Matter of Lucas v Scully*, 71 NY2d 399, 405-406). The safety of the public, including that of petitioner's ex-wife, clearly constitutes such an interest here. We have examined petitioner's remaining contentions and find them to be without merit or unpreserved for our review.

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.